CHRISTOPHER J. SCHILTZ, SR., & another [1] *vs.* CHARLES H. DUGGAN. June 7, 1971. This is an action of tort for personal injuries sustained by the plaintiffs when the defendant's car in which they were guests collided with another car and went off the road. After verdicts for the plaintiffs, the court allowed the defendant's motion for entry of verdicts for the defendant under leave reserved. The only question raised is whether the evidence viewed most favorably to the plaintiffs warrants a finding of gross negligence. We are of opinion that it does not. The accident took place on November 19, 1966, at about 8:30 P.M. in a fifty-five mile an hour zone on an unlighted road that was unfamiliar to the defendant. He came around a slight curve and saw another car in his lane. He was six or seven car lengths behind the car when he realized it was stopped. He tried to go around to the right, but hit the car and went off the road, striking a telephone pole. No useful purpose would be served by a detailed summary of the evidence. There was evidence that the defendant had consumed several drinks of alcoholic beverages up to about three hours before the accident, but it was a matter of conjecture whether this was a contributing cause of the accident. Although there was also evidence that at some time while he was driving the defendant gestured with one of his hands and momentarily took his attention from the road, the evidence failed to show that this contributed to the accident to any appreciable extent, at least not to the extent of amounting to grossly negligent conduct. None of the passengers complained about the defendant's driving in any way until about one or two seconds before the accident when one yelled "look out." The evidence did not establish that the defendant's conduct was of that "high degree of culpability and indifference to duty which is the essential characteristic of gross negligence." *Lynch* v. *Springfield Safe Deposit & Trust Co.* 294 Mass. 170, 172. *Murray* v. *Harwood*, 354 Mass. 764.

---

[1] The other plaintiff is Christopher J. Schiltz, Jr.

Nor does the fact that the defendant pleaded guilty to a complaint charging a violation of G. L. c. 90, § 17 (operating a motor vehicle at a speed greater than is reasonable and proper), change this conclusion. See *Morrissey* v. *Powell*, 304 Mass. 268, 269.

*Exceptions overruled.*

*Thomas J. Donahue, Jr.,* for the plaintiffs.
*Robert B. Shumway* for the defendant.

*Exceptions overruled.*